IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DRESSELS D. FOX,

    Plaintiff,

vs.                                          No. 15-2776-SHM-dkv

WILSON & ASSOCIATES, PLLC,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

_____

On December 2, 2015, the plaintiff, Dressels D. Fox ("Fox"), filed a *pro se* complaint against the defendants, America's Servicing Company, Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank, N.A. ("U.S. Bank"), Securitized Asset Backed Receivables LLC Trust 2006-NC1 ("the Trust"), and Wilson & Associates, PLLC ("Wilson & Associates") (collectively "the Defendants"), asserting violations of the Fair Debt Collection Practices Act ("FDCPA") and the Tennessee Consumer Protection Act ("TCPA"). (Compl. 5, ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order, 2013-05, Apr. 29, 2103.)

On December 22, 2015, Fox filed a "*Pro Se* Motion for a Voluntary Dismissal" seeking to voluntarily dismiss the action against America's Servicing Company, Wells Fargo, U.S. Bank, and the Trust. (ECF No. 7.) On the same day, the presiding U.S. District Judge issued an order dismissing the action without prejudice as to America's Servicing Company, Wells Fargo, U.S. Bank, and the Trust. (ECF No. 8.) The only remaining defendant in this action is therefore Wilson & Associates. On February 4, 2016, Fox filed an amended complaint asserting substantially similar claims and including the defendants previously dismissed from the action. (ECF No. 9.)

Now before the court is the February 29, 2016 motion to dismiss filed by Wilson & Associates. (ECF No. 10.) Also before the court is the March 7, 2016 motion to dismiss filed by the previously dismissed defendants. (ECF No. 12-1.) Fox filed responses on March 18 and 28, 2016. (ECF Nos. 15, 16.) For the reasons that follow, it is recommended that the motions to dismiss be granted.

I. PROPOSED FINDINGS OF FACT

Fox's amended complaint relates to the foreclosure sale of the property at 8212 Creekside Circle North, Cordova, TN 38106 ("the Property"). (ECF Nos. 9, 9-1.) The amended complaint contains references to an allegedly illegal debt collection activity and an improper assignment of the Deed of Trust, which

2

seem to be the impetus for Fox's vaguely-stated claims. (ECF No. 9.) The court will consider the public records of the Shelby County Register of Deeds to piece together the factual backbone of Fox's complaint.[1]

On September 14, 2005, Fox executed a promissory note payable to New Century Mortgage Corporation ("New Century") in the principal amount of $128,720.00, along with a Deed of Trust, which granted and conveyed to New Century the Property.[2] On December 24, 2012, New Century executed a Corporate Assignment of Deed of Trust to U.S. Bank. (ECF No. 9-1.)[3]

On March 16, 2015, Fox received a dunning letter from Wilson & Associates. (ECF No. 9-3.)[4] On April 23, 2015, Fox sent a letter to America's Servicing Company requesting validation of the debt and informing America's Servicing Company

---

[1] The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

[2] The Deed of Trust was recorded with the Shelby County Register of Deeds on January 3, 2013 as Instrument No. 05153836.

[3] The assignment from New Century to U.S. Bank is recorded with the Shelby County Register of Deeds as Instrument No. 13001070.

[4] Wilson & Associates were retained by U.S. Bank, as trustee for the Trust. (ECF No. 9-3.)

that its notice of intent to foreclose on the Property was in violation of the FDCPA. (ECF No. 9-5.) Public records of the Shelby County Register of Deeds show that on May 15, 2015, the Property was sold at a non-judicial foreclosure sale to U.S. Bank.[5]

On December 24, 2015, Fox mailed another notice of dispute of debt and intent to litigate to U.S. Bank. (ECF No. 9-3.) On January 11, 2016, America's Servicing Company responded to Fox's December 24, 2015 letter stating that they previously received a similar request from Fox and sent a response on August 19, 2015. (ECF No. 9-4.) America's Servicing Company further stated that they were unable to provide further information because Fox's request was too broad. (*Id.*) On January 13, 2016, America's Servicing Company sent a second letter to Fox informing him that they would complete their research and respond by January 28, 2016. (ECF No. 9-6.)

Based on these transactions, Fox argues that the Defendants have "failed to validate and obtain verification of the alleged debt" pursuant to the FDCPA. (Am. Compl. ¶ 68, ECF No. 9.) Fox further argues that the filing of the assignment of the Deed of Trust violates 15 U.S.C. §§ 1692b, 1692c, 1692c(b), 1692g(a),

---

[5]The Trustee's Deed is recorded with the Shelby County Register of Deeds as Instrument No. 15054761.

and 1692g(b). (*Id.* ¶¶ 83, 17-21.) Fox also cursorily alleges that the Defendants' conduct violates the TCPA. (*Id.* ¶ 39.)

This is the second of two lawsuits filed by Fox in relation to the Defendants' allegedly illegal debt collection activity. On June 18, 2015, Fox filed a *pro se* complaint in this court docketed as Case No. 2:15-cv-02414-SHM-dkv. Named as defendants in the first lawsuit were America's Servicing Company, Wells Fargo, U.S. Bank, the Trust, and Wilson & Associates. *See* Complaint, Fox v. America's Servicing Co., et al., No. 2:15-cv-02414-SHM-dkv (W.D. Tenn. June 18, 2015), ECF No. 1. Fox's first lawsuit also related to the foreclosure sale of the Property following Fox's default on his mortgage payments. (*Id.*) In the first lawsuit, Fox also generally alleged that the Defendants engaged in illegal debt collection practices and committed statutory violations. *See id.* In that complaint, Fox set forth the following claims: (1) "accounting;" (2) violations of FDCPA; (3) violations of the Tennessee Collection Service Act and TCPA; (4) violations if the Fair Credit Reporting Act; and (5) invasion of privacy. *Id.*

In the first lawsuit, the Defendants filed motions to dismiss Fox's complaint for failure to state a claim. On November 23, 2015, the court granted the motions to dismiss and entered judgment in favor of the Defendants. Order, Fox v. America's Servicing Co., et al., No. 2:15-cv-02414-SHM-dkv (W.D.

5

Tenn. Nov. 23, 2015), ECF No. 29 & Judgment, Fox v. America's Servicing Co., et al., No. 2:15-cv-02414-SHM-dkv (W.D. Tenn. Nov. 23, 2015), ECF No. 30. Merely nine days after the entry of judgment in his first lawsuit, Fox filed his second lawsuit.

## II. PROPOSED CONCLUSIONS OF LAW

In its motion to dismiss, Wilson & Associates maintain that Fox's second lawsuit advances the same claims as those asserted in the first lawsuit. (Mot. to Dismiss 2, ECF No. 11.) Wilson & Associates further argue that Fox's amended complaint fails to state a legally cognizable claim as to Wilson & Associates and should be dismissed pursuant to Rule 12(b)(6). (*Id.* at 2-4.) America's Servicing Company, U.S. Bank, Wells Fargo, and the Trust also filed a motion to dismiss arguing that the second lawsuit is barred by the doctrine of res judicata. (ECF No. 12.) As discussed below, America's Servicing Company, U.S. Bank, Wells Fargo, and the Trust were previously dismissed from this lawsuit and Fox has not requested that the court vacate or revise its prior dismissal order. Nevertheless, Fox's lawsuit is barred by the doctrine of res judicata as to all defendants.

A. <u>America's Servicing Company, U.S. Bank, Wells Fargo, and the Trust Are no Longer Defendants in this Lawsuit</u>

On December 22, 2015, Fox filed a "*Pro Se* Motion for a Voluntary Dismissal" seeking to voluntarily dismiss the action against America's Servicing Company, Wells Fargo, U.S. Bank, and

the Trust, (ECF No. 7), and, on the same day, the presiding U.S. District Judge issued an order dismissing the action without prejudice as to these defendants, (ECF No. 8). Thereafter, Fox amended his complaint asserting substantially similar claims as in his original complaint and including the defendants previously dismissed from the action. (ECF No. 9.)

Were the court to allow Fox to file an amended complaint as to America's Servicing Company, Wells Fargo, U.S. Bank, and the Trust, it would have to set aside and vacate its dismissal order of December 22, 2015, (ECF No. 8). A motion seeking vacation of a dismissal order is treated as a Rule 59(e) motion to alter or amend judgment. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *see also Brown v. Local 58, Int'l Bhd. of Elec. Workers, AFL-CIO,* 76 F.3d 762, 768-69 (6th Cir. 1996)(construing post-dismissal motion to "enter an alternative order" as a Rule 59(e) motion, although the motion sought vacation of dismissal order, rather than a separately entered judgment); *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979)(explaining that district courts can properly consider a motion to alter or amend a prior holding as a motion under Rule 59(e) even though it is filed prior to the actual entry of judgment). The district court has discretion to set aside a prior judgment under Rule 59(e) and permit an amended complaint to be filed under four circumstances. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532

F.3d 496, 507 (6th Cir. 2008). The district court may set aside a prior judgment under Rule 59(e) if there is: "'(1) a clear error of law; (2) newly discovered evidence; (3) *an intervening change in controlling law*; or (4) a need to prevent manifest injustice.'" *Id.* (quoting *Henderson v. Walled Lake Consolidated Schools,* 469 F.3d 479, 496 (6th Cir. 2006) (emphasis added).

Applying Rule 59(e) factors, the court finds no basis to vacate its prior dismissal order albeit without prejudice. Fox has not requested that the court vacate or revise its prior dismissal order. Further, Fox's second amended complaint does not set forth any grounds for vacating the district court's December 22, 2015 dismissal order. Fox "freely and voluntarily dismisse[d] the action" as to America's Servicing Company, Wells Fargo, U.S. Bank, and the Trust, (ECF No. 7.) Therefore, there is no clear error of law in the court's dismissal order. Further, Fox does not assert that there is newly discovered evidence, or an intervening change in controlling law, or a need to prevent manifest injustice. In fact, Fox's proposed amended complaint is substantially the same as his original complaint. Therefore, there is no basis to vacate the court's December 22, 2015 dismissal order.

For the foregoing reasons, the court recommends that America's Servicing Company, Wells Fargo, U.S. Bank, and the Trust's motion to dismiss be granted albeit on other grounds

8

than those asserted in the motion. Having been previously dismissed, these parties are no longer defendants in this suit. Moreover, any claim against these defendants is barred by the doctrine of res judicata as discussed below.

B.  <u>Res Judicata</u>

While res judicata is an affirmative defense ordinarily pled in the answer, "it is now clearly established that res judicata can also be raised by motion." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)(citations omitted). The weight of authority supports dismissal for failure to state a claim when a case is barred by the doctrine of res judicata. *See, e.g., Rushford v. Firstar Bank, N.A.*, 50 F. App'x 202, 203 (6th Cir. 2002)(affirming "the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of *res judicata*"); *Thompson v. U.S. Small Bus. Admin.*, 8 F. App'x 547, 548 (6th Cir. 2001)(affirming failure-to-state-a-claim dismissal that was based on res judicata); *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985)(per curiam)(affirming district court's Rule 12(b)(6) dismissal on res judicata grounds); *Link v. Sumner Cnty. Jail*, No. 3:10-CV-0236, 2010 WL 1138029, at *2 (M.D. Tenn. Mar. 19, 2010)("Because the plaintiff's claims are barred by the doctrine of *res judicata*, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.").

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(citation omitted); *see also Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). To apply the doctrine of res judicata, four elements must be satisfied: (1) the first action must result in a final judgment on the merits by a court of competent jurisdiction; (2) the second action must involve the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action between the first and the second actions. *Kane*, 71 F.3d at 560; *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Fox's instant lawsuit against the Defendants is barred by the doctrine of res judicata. The first prong of the doctrine is satisfied. The federal district court for the Western District of Tennessee is a court of competent jurisdiction. There was a judgment on the merits because the court dismissed Fox's first lawsuit pursuant to Rule 12(b)(6). *See Pratt v. Ventas*, Inc., 365 F.3d 514, 522 (6th Cir. 2004)("A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits."). A final judgment was

entered in favor of all defendants on November 23, 2015, and Fox did not appeal the judgment.  Thus, the first action was ended by a final judgment on the merits.  The second prong is also satisfied because Wilson & Associates, America's Servicing Company, Wells Fargo, U.S. Bank, and the Trust were also defendants in the first action.

To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action."  *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009)(internal quotation marks omitted)(citing *Holder v. City of Cleveland*, 287 F. App'x 468, 470–71 (6th Cir. 2008).  Moreover, "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later."  *Holder*, 287 F. App'x at 471 (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)).  "[T]he term 'same cause of action' can encompass claims . . . that were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding."  *Thomas v. Miller*, 329 F. App'x 623, 627 (6th Cir. 2009)(citing *Brown v. Felsen,* 442 U.S. 127, 131 (1979)(internal quotation marks omitted).

Both of Fox's lawsuits arise out of the assignment of the Deed of Trust, Fox's default on his mortgage payments, and the Defendants' conduct in attempting to collect a debt. Both lawsuits set forth claims under the FDCPA and the TCPA. As to the assignment of the Deed of Trust, the court determined in the first lawsuit that the assignment of the Deed of Trust was valid. *See* R & R at 6-9, Fox v. America's Servicing Co., et al., No. 2:15-cv-02414-SHM-dkv (W.D. Tenn. Oct. 26, 2015), ECF No. 27. Therefore, Fox's instant claims challenging the assignment of the Deed of Trust are barred by the doctrine of res judicata.

Further, the court also determined in the first lawsuit that the Defendants complied with the FDCPA when attempting to collect the debt. Specifically, the court determined that Wilson & Associates' March 16, 2015 letter complied with 15 U.S.C. § 1692g(a) in that it contained the amount of the debt, the name of the creditor, and a statement that Fox had the right to request a validation of the debt within thirty days. *See id.* at 9-10. The court further determined that Fox was provided proper validation of the debt on May, 12, 2015. *Id.* at 10-11. The court also determined that the Defendants' conduct did not violate the TCPA. *Id.* at 13-14. Therefore, because the claims in the present lawsuit arise out of the same facts and transactions that formed the basis for Fox's first lawsuit, the

claims in the present lawsuit are barred by the doctrine of res judicata.

C. <u>Failure to State a Claim for Which Relief May Be Granted</u>

Fox has attached to the instant complaint communication that occurred subsequent to the dismissal of his first lawsuit and subsequent to the foreclosure of the Property. Specifically, after his first lawsuit was dismissed on November 23, 2015, Fox sent another letter to U.S. Bank disputing the debt, (ECF No. 9-3), to which America's Servicing Company replied on January 11 and 13, 2016, (ECF Nos. 9-4, 9-5). Because the communication between America's Servicing Company and Fox occurred subsequent to the dismissal of Fox's first lawsuit, the doctrine of res judicata would not bar any claims that Fox raises based on this communication. Nevertheless, the additional communication does not state a plausible claim under the FDCPA or the TCPA against any of the defendants.

In assessing whether the additional communication states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3. *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted).

Fox has not alleged how the communication that occurred subsequent to the dismissal of Fox's first lawsuit sets forth any violation of the FDCPA's debt validation requirements. It is undisputed that Fox was provided proper validation on May 12, 2015. *See* R & R at 10-11, Fox v. America's Servicing Co., et al., No. 2:15-cv-02414-SHM-dkv (W.D. Tenn. Oct. 26, 2015), ECF No. 27. Furthermore, in response to his December 24, 2015

14

notice of dispute, America's Servicing Company noted that they received a similar request from Fox and sent a response on August 19, 2015. (ECF No. 9-4.)[6]

Fox also fails to state a claim under the TCPA. The TCPA is intended to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-102(2). Foreclosure proceedings are not covered by the TCPA, and, moreover, Fox has not specifically pled any actions by the Defendants that constituted unfair or deceptive conduct. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841-42 (Tenn. 1996); *see also Peoples v. Bank of Am.*, No. 11-2868-STA, 2012 WL 601777, at *9 (W.D. Tenn. Feb. 22, 2012). Therefore, Fox has failed to allege that the communication that occurred after his first lawsuit violated the FDCPA or the TCPA.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' motions to dismiss be granted and that Fox's claims against all Defendants be dismissed.

---

[6]Moreover, it is unclear what debt Fox seeks to dispute. According to a default notice sent to Fox by Wilson & Associates on March 16, 2015, the amount of debt due on the loan as of the date of the letter was $130,936.69. Complaint, *Fox v. America's Servicing Co., et al.*, No. 2:15-cv-02414-SHM-dkv (W.D. Tenn. June 18, 2015), ECF No. 1-2. According to public records, the Property was foreclosed on May 15, 2015 for $133,715.09. Therefore, it appears that the foreclosure of the Property entirely satisfied Fox's debt.

15

Respectfully submitted this 14th day of April, 2016.

> s/Diane K. Vescovo
> DIANE K. VESCOVO
> CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.