IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DRESSELS D. FOX,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 15-02776 |
| | ) |
| **AMERICA'S SERVICING COMPANY;** | ) |
| **WELLS FARGO BANK, N.A. on** | ) |
| **behalf of U.S. BANK, N.A.;** | ) |
| **U.S. BANK, N.A. individually** | ) |
| **and U.S. BANK, N.A., as** | ) |
| **TRUSTEE FOR SECURITIZED ASSET** | ) |
| **BACKED RECEIVABLES LLC TRUST** | ) |
| **2006-NC1, MORTGAGE PASS** | ) |
| **THROUGH CERTIFICATES, SERIES** | ) |
| **2006-NC1; SECURITIZED ASSET** | ) |
| **BACKED RECEIVABLES LLC TRUST** | ) |
| **2006-NC1, MORTGAGE PASS** | ) |
| **THROUGH CERTIFICATES, SERIES** | ) |
| **2006-NC1; and WILSON &** | ) |
| **ASSOCIATES, PLLC,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's April 14, 2016 Report and Recommendation (the "Report") recommending that the Court grant Defendant Wilson & Associates, P.L.L.C.'s ("W&A") February 29, 2016 Motion to Dismiss and Defendants America's Servicing Company ("ASC"), Wells Fargo Bank, N.A. ("Wells Fargo"), and U.S. Bank, N.A.'s ("U.S. Bank") March 7, 2016 Motion to Dismiss. (Mot., ECF No. 11; Mot., ECF No. 12; Report,

ECF No. 17.) Plaintiff Dressels D. Fox ("Fox") filed an Objection to the Report on April 29, 2016 (the "Objection"). (Obj., ECF No. 18.) Defendants have not responded and the time to do so has passed. For the following reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED.

I. Background

This case arises from Defendants' allegedly illegal debt collection activity and an improper assignment of a deed of trust. On September 14, 2005, Fox executed a promissory note (the "Note") payable to New Century Mortgage Corporation ("New Century") in the principal amount of $128,720.00, secured by a Deed of Trust, which granted and conveyed to New Century the residential property at 8212 Creekside Circle North in Cordova, Tennessee ("the Property").[1] On December 24, 2012, New Century executed a Corporate Assignment of Deed of Trust to U.S. Bank. (Corporate Assignment, ECF No. 9-1.)

On March 16, 2015, Fox received a dunning letter from W&A, which was retained by U.S. Bank as trustee under the Deed of Trust. (Letter, ECF No. 9-3.) On April 23, 2015, Fox sent a letter to ASC, seeking validation of the debt. (Letter, ECF No.

---

[1] The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment. Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001) (quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)); see also Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011) (quoting Bassett v. Nat. Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)). The Deed of Trust was recorded with the Shelby County Register of Deeds on January 3, 2013, as Instrument No. 05153836.

2

9-5.) On May 15, 2015, the Property was sold at a non-judicial foreclosure sale to U.S. Bank.[2]

On December 24, 2015, Fox mailed a notice of dispute of debt and intent to litigate to U.S. Bank. (Letter, ECF No. 9-3.) On January 11, 2016, ASC responded to Fox's December 24, 2015 letter stating that it had received a similar request from Fox and had sent a response on August 19, 2015. (Letter, ECF No. 9-4.) ASC stated that it was unable to provide further information because Fox's request was too broad. (Id.) On January 13, 2016, ASC sent a second letter to Fox informing him that it would complete its research and respond by January 28, 2016. (Letter, ECF No. 9-6.)

Based on these transactions, Fox claims that Defendants have "failed to validate and obtain verification of the alleged debt" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Am. Compl., ECF No. 9.) Fox also claims that the assignment of the Deed of Trust violates the FDCPA, under 15 U.S.C. §§ 1692b, 1692c, 1692c(b), 1692g(a), and 1692g(b). (Id. at 9-10.) He claims, without elaboration, that Defendants' conduct violates the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101, et seq. (Id.)

---

[2] The Trustee's Deed is recorded with the Shelby County Register of Deeds as Instrument No. 15054761.

On December 22, 2015, Fox filed a Motion for Voluntary Dismissal of his claims against Defendants ASC, Wells Fargo, and U.S. Bank, which the Court granted without prejudice on December 22, 2015. (Mot., ECF No. 7; Order, ECF No. 8.) When Fox filed his Amended Complaint on February 4, 2016, he raised claims against all Defendants, including those previously dismissed. (Am. Compl., ECF No. 9.) W&A filed a Motion to Dismiss on February 29, 2016, and the previously-dismissed Defendants filed a Motion to Dismiss on March 7, 2016. (Mot., ECF No. 11; Mot., ECF No. 12.)

This is the second of two suits Fox has filed arising from Defendants' allegedly illegal debt collection activity. See Fox v. America's Servicing Company, 2015 WL 7444646 (W.D. Tenn. Nov. 23, 2015). Fox's first suit arose, in part, from the foreclosure sale of the Property after Fox's default on his mortgage payments. In that complaint, Fox set forth the following claims: (1) "accounting"; (2) violations of the FDCPA; (3) violations of the Tennessee Collection Service Act ("TCSA"),[3] Tenn. Code Ann. §§ 62-20-101, et seq., and the TCPA; (4) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and (5) invasion of privacy. (Compl., ECF No. 1 at 13-20 in Case No. 15-02414.)

---

[3] Fox refers to the TCSA as the "Tennessee Fair Debt Collection Practices Act." (Compl., ECF No. 1 at 17 in Case No. 15-02414.)

4

In the first suit, Defendants also moved for dismissal for failure to state a claim. (Mot., ECF No. 12 in Case No. 15-02414.) Over Fox's Objection, the Court adopted the Magistrate Judge's Report and Recommendation recommending dismissal. (Order, ECF No. 26 in Case No. 15-02414; Report, ECF No. 27 in Case No. 15-02414.) Judgment was entered on November 23, 2015. (Judgment, ECF No. 30 in Case No. 15-02414.) Fox initiated the current suit only nine days later, on December 2, 2015. (Compl., ECF No. 1.)

In its current Motion to Dismiss, W&A argues that this suit advances the same claims that were dismissed in the first suit and again fails to state a claim on which relief may be granted. (Mot., ECF No. 11.) ASC, U.S. Bank, Wells Fargo, and the Trust argue in their Motion to Dismiss that the current suit is barred by the doctrine of res judicata. (Mot., ECF No. 12.)

**II. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ.

5

P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the source of the error. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007). However, "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading

essentials are not abrogated in pro se cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 Fed. App'x 784, 786 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. Payne v. Secretary of Treasury, 73 Fed. App'x 836, 837 (6th Cir. 2003).

**III. Analysis**

In her Report, the Magistrate Judge recommends that the Motion to Dismiss filed by ASC, Wells Fargo, and U.S. Bank be granted, because those Defendants have already been dismissed and Fox has not articulated any basis for vacating the order under Rule 59(e). (Report, ECF No. 17 at 8.) In the alternative, she recommends that their Motion to Dismiss be granted on the basis of res judicata. (Id. at 9.) The Magistrate Judge recommends that W&A's Motion to Dismiss also be granted on the basis of res judicata. (Id.)

In his Objection, Fox reasserts at length the factual allegations in his Amended Complaint, as well as the economic

7

history of the 2008 home lending bubble. (Obj., ECF No. 18.) Although the substantive arguments in the Objection are not entirely clear, Fox appears to argue that the previous dismissal order under Rule 59(e) should be vacated based on clear errors of law and that res judicata should not apply to his claims because they arise, in part, from correspondence after the conclusion of the first suit. (Id. at 7, 9.) Neither argument is persuasive.

### A. Rule 59

As the Magistrate Judge observes in her Report, before Fox can assert claims against ASC, Wells Fargo, and U.S. Bank, the Court must set aside and vacate its December 22, 2015 Order of dismissal. (Order, ECF No. 8.) Construing Fox's Amended Complaint liberally as incorporating a request to vacate that Order, his request is governed by Rule 59(e). Inge v. Rock Fin. Corp., 281 F.3d 613, 617 (6th Cir. 2002); Brown v. Local 58, Int'l Bd. of Elec. Workers, 76 F.3d 762, 768-69 (6th Cir. 1996). Under Rule 59(e), the Court may set aside a prior judgment where there is: "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" United States v. Ford Motor Co., 532 F.3d 496, 507 (6th Cir. 2008) (quoting Henderson v. Walled Lake Consolidated Schools, 469 F.3d 479, 496 (6th Cir. 2006)). The Magistrate Judge finds that Fox has articulated

none of those factors in his Amended Complaint and recommends that the request to vacate be denied. (Report, ECF No. 17 at 8.)

Fox argues in his Objection that:

> [U]nder Rule 59(e) there is a clear error of law if this Court decides to dismiss this case and allow the Defendants to continue with this illegal debt collection in the name of a FORECLOSURE. This is not a FORECLOSURE but an ILLEGAL DEBT COLLECTION.

(Obj., ECF No. 18 at 9.) Fox's argument about the underlying merit of his claims against the previously-dismissed Defendants is not well-taken. The December 22, 2015 Order dismissing ASC, Wells Fargo, and U.S. Bank was based solely on Fox's Motion for Voluntary Dismissal. (Order, ECF No. 8; Mot., ECF No. 7.) Fox has articulated no error of law in the Order granting that Motion, and he has not alleged newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.

To the extent Fox's Amended Complaint contains a request under Rule 59(e) to vacate the Order dismissing ASC, Wells Fargo, and U.S. Bank, that request is DENIED. Unless the Order is vacated, Fox cannot reassert his claims against those Defendants. ASC, Wells Fargo, and U.S. Bank's Motion to Dismiss is GRANTED.

9

**B. Res Judicata**

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995). For res judicata to apply: (1) the first action must result in a final judgment on the merits by a court of competent jurisdiction; (2) the second action must involve the same parties, or their privies, as the first; (3) the second action must raise an issue actually litigated or that should have been litigated in the first action; and (4) there is an identity of the causes of action between the first and the second actions. Kane, 71 F.3d at 560; see also Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009).[4]

In her Report, the Magistrate Judge finds that all four requirements are satisfied, so that Fox's current suit ought to be barred by his prior suit. Addressing the first requirement, the Magistrate Judge finds that the Western District of Tennessee was a court of competent jurisdiction and that the dismissal of the prior suit pursuant to Rule 12(b)(6) was a

---

[4] Although res judicata is an affirmative defense ordinarily pled in the answer, "it is now clearly established that res judicata can also be raised by motion," including motions to dismiss. Westwood Chem. Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981); see, e.g., Rushford v. Firstar Bank, N.A., 50 Fed. App'x 202, 203 (6th Cir. 2002); Thompson v. U.S. Small Bus. Admin., 8 Fed. App'x 547, 548 (6th Cir. 2001).

final judgment on the merits. (Report, ECF No. 17 at 10 (citing Pratt v. Ventas, Inc., 365 F.3d 514, 522 (6th Cir. 2004).) Addressing the second requirement, the Magistrate Judge finds that the parties in the prior suit were identical to the parties in the current suit. Addressing the third and fourth requirements, the Magistrate Judge finds that the current suit "arise[s] out of the same facts and transactions that formed the basis for Fox's first lawsuit"—the assignment of the Deed of Trust, Fox's default, and Defendants' debt collection conduct. (Id. at 12 (citing Holder v. City of Cleveland, 287 Fed. App'x 468, 471 (6th Cir. 2008) ("Where the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later.").) Finding that all four requirements have been met, the Magistrate Judge recommends that res judicata applies to all Defendants, including W&A.

In his Objection, Fox argues that res judicata should not apply to his claims in this case because of correspondence that took place after the conclusion of the first suit:

> FOX alleges because Defendants have not proved a debt due to the failure to reply to the December 24, 2015 for the Current Creditor and the Amount Owing the only thing FOX believe[s] exist[s] is Data. The letter from FOX asked for specific information . . . .
> Defendants said the request was to[o] broad and therefore failed to answer which is a violation of the

>FDCPA which pursuant to 15 U.S.C. § 1692(k) comes at least with a statutory damage of up to $1,000.00.

(Obj., ECF No. 18 at 7.) That is, "the [t]hird and [f]ourth elements do[] not apply because the letter sent to Defendants w[as] not previously available to the parties and therefore could not have been litigated." (Id.) Fox does not otherwise object to the Magistrate Judge's recommended application of res judicata.

In Fox's Amended Complaint, he does not allege that W&A is responsible for the alleged failure to respond adequately to his December 24, 2015 request for validation:

> Defendants AMERICA'S SERVICING COMPANY, WELLS FARGO BANK, N.A. on behalf of U.S. BANK, N.A., U.S. BANK, N.A. individually and U.S. BANK, N.A., as TRUSTEE for SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-NCI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NCI on or about January 13, 2016 acknowledged receipt of the [December 24, 2015] validation request . . . .

> Defendants AMERICA'S SERVICING COMPANY, WELLS FARGO BANK, N.A. on behalf of U.S. BANK, N.A., U.S. BANK, N.A. individually and U.S. BANK, N.A., as TRUSTEE for SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-NCI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NCI up to the filing of this law[]suit have failed to provide information required by the FDCPA 15 U.S.C. § 1692(g)(a)(1) and 15 U.S.C. § 1692(g)(a)(2).

(Am. Compl., ECF No. 9 at 5.) These are the only claims arising out of the letter, and Fox does not include W&A in them (despite naming W&A at numerous points elsewhere in his Amended Complaint). (Id. at 2-4, 7.)

The Magistrate Judge's Report recommending application of res judicata is ADOPTED on all claims not arising out of the December 24, 2015 letter.  Based on Fox's Amended Complaint, the December 24, 2015 letter does not relate to W&A.  There are, therefore, no claims remaining against W&A.  W&A's Motion to Dismiss is GRANTED.

**IV. Conclusion**

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, and the Motions to Dismiss are GRANTED.  The case is DISMISSED.

So ordered this <u>16th</u> day of June, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE